UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

TERESA C.,

Plaintiff, **DECISION AND ORDER**
1:25-CV-09466-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In November of 2021, Plaintiff Teresa C.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Hiller Comerford Injury & Disability Law, Ida M. Comerford, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

This case was referred to the undersigned on July 30, 2026. Presently pending are the parties' competing requests for judgment on the

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's request is due to be denied, the Commissioner's request is granted, and this case is dismissed.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on November 4, 2021, alleging disability beginning December 4, 2004. (T at 353-59).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on July 7, 2023, before ALJ Raymond Prybylski. (T at 62-85). The ALJ issued a decision denying the application for benefits on September 7, 2023. (T at 126-45). The Appeals Council granted Plaintiff's request for review on January 17, 2024, and remanded the matter for further proceedings. (T at 146-51).

A second hearing was held before the same ALJ on January 14, 2025. (T at 35-61). Plaintiff appeared with her attorney and testified. (T at 41-53). The ALJ also received testimony from Josiah Pearson, a vocational expert. (T at 53-59).

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

### *B. ALJ's Decision*

On February 19, 2025, the ALJ issued a decision denying the application for benefits. (T at 14-34). The ALJ found that Plaintiff engaged in substantial gainful activity during the period between July 2023 and February 2025. (T at 19).

However, the ALJ determined that there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity and therefore proceeded with the sequential analysis. (T at 20).

The ALJ concluded that Plaintiff's cervical, thoracic, and lumbar disc disease; PTSD; depressive disorder; anxiety disorder; schizoaffective disorder; asthma; and obesity were severe impairments as defined under the Social Security Act. (T at 20).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 20).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs; but never climb ladders, ropes, or scaffolds; and must avoid concentrated

exposure to respiratory irritants like fumes, odors, dust, and gases. (T at 22).

In addition, the ALJ found Plaintiff limited to the performance of simple tasks, with no more than occasional decision-making and no more than occasional interaction with the public, coworkers, and supervisors. (T at 22).

The ALJ concluded that Plaintiff had no past relevant work. (T at 25).

Considering Plaintiff's age (53 years old on the application date), education (at least high school), work experience (no past relevant work), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 25-26).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between November 4, 2021 (the application date) and February 19, 2025 (the date of the ALJ's decision). (T at 27).

On September 17, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's second decision the Commissioner's final decision. (T at 1-6).

*C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 13, 2025. (Docket No. 1). On March 20, 2026, Plaintiff filed a memorandum of law requesting judgment on the pleadings. (Docket No. 11). The Commissioner interposed a brief in opposition to Plaintiff's request and requesting judgment on the pleadings, on May 18, 2026. (Docket No. 12). On June 1, 2026, Plaintiff submitted a reply memorandum of law in further support of her request. (Docket No. 13).

## II. APPLICABLE LAW

*A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision. Plaintiff argues that the ALJ's consideration of the medical opinion evidence was flawed, which undermined his assessment of her ability to meet the physical and mental demands of basic work activity.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration updated its regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the revised regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical

opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, the record contains multiple medical opinions regarding Plaintiff's physical and mental functioning. The Court will consider the opinions and the ALJ's analysis as to both aspects of functioning in turn.

*A. Physical Functioning*

Dr. Manuel Paz performed a consultative examination in March of 2022. He diagnosed lower back pain, hypertension, and asthma. (T at 873). Dr. Paz opined that Plaintiff had mild limitation in her ability to bend, lift, carry, and perform prolonged standing, sitting, and walking. (T at 873-74). He also believed she needed to avoid respiratory irritants. (T at 874).

In April of 2022, Dr. A. Saeed, a non-examining State Agency review consultant, opined that Plaintiff could occasionally lift/carry up to 20 pounds; frequently lift/carry up to 10 pounds; stand/walk about 6 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally stoop; frequently kneel, crouch, and crawl; but needed to avoid even moderate exposure to respiratory irritants. (T at 97-99).

Dr. S. Putcha, another State Agency review consultant, affirmed Dr. Saeed's assessment in August of 2022. (T at 117-20).

As noted above, the ALJ concluded that Plaintiff retained the RFC to meet the physical demands of a reduced range of light work. (T at 134). In reaching this conclusion, the ALJ found the State Agency review physicians' opinions persuasive and considered Dr. Paz's assessment "partially persuasive." (T at 136). Regarding Dr. Paz, the ALJ noted that "general treatment notes show[ed] limitations" more severe than the consultative examiner indicated. (T at 136).

Plaintiff argues that the ALJ's conclusion that she retained the RFC to meet the standing and walking demands of light work is inconsistent with his decision to afford persuasive weight to Dr. Paz's opinion. *See Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir.2009) ("The full range of light work requires intermittently standing or walking for a total of approximately 6 hours of an 8–hour workday, with sitting occurring intermittently during the remaining time.").

The Court finds no error as to this aspect of the ALJ's decision. Here's why.

First, it is well-settled that mild impairment in a claimant's ability to engage in prolonged standing and walking is not incompatible with the

capacity to perform light work. *See Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. 2013)("As a preliminary matter, the ALJ's determination that Lewis could perform 'light work' is supported by Dr. Datta's assessment of 'mild limitations for prolonged sitting, standing, and walking ….'"); *Mandato v. Comm'r of Soc. Sec.*, No. 1:22-CV-04000, 2023 WL 6237683, at *12 (S.D.N.Y. Sept. 26, 2023)("Courts within the Second Circuit have held that mild to moderate limitations may be consistent with light work.")(collecting cases).

Second, the ALJ's decision is supported by the opinions of the State Agency review physicians, both of whom opined that Plaintiff could stand and walk for about 6 hours in an 8-hour workday. (T at 97, 117). *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'") (quoting *Leach ex rel. Murray v. Barnhart*, No. 02 Civ.3561 RWS, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004)).

Third, the ALJ's decision is supported by a reasonable reading of the record. The ALJ noted that the treatment notes documented generally unremarkable clinical findings, including full muscle strength in the upper

and lower extremities, negative straight leg raising tests, and intact sensation. (T at 23, 566-57, 674, 732, 1230, 1234, 1622).

The Court, therefore, finds no error in the ALJ's consideration of the medical opinion evidence regarding Plaintiff's physical functioning and/or his assessment of Plaintiff's ability to meet the standing and walking demands of light work.

*B. Mental Functioning*

Dr. Joshua Goldstein performed a consultative psychiatric evaluation in March of 2022. He diagnosed unspecified depressive disorder, unspecified schizophrenia spectrum or other psychotic disorder, major depressive disorder (recurrent, moderate), generalized anxiety disorder, and post-traumatic stress disorder. (T at 881).

Dr. Goldstein opined that Plaintiff had mild impairment with respect to understanding, remembering, and applying directions; moderate limitation in social interaction; mild impairment in sustaining concentration, persistence, and pace; moderate limitation with respect to sustaining an ordinary routine and regular attendance; mild impairment in regulating emotions, controlling behaviors, and maintaining well-being; and moderate limitation with respect to being aware of normal hazards and taking appropriate precautions. (T at 881).

In April of 2022, Dr. D. Brown, a non-examining State Agency review consultant, opined that had no more than mild impairment in her ability to meet the mental demands of basic work activity. (T at 94-95). Dr. S. Bhutwala, another State Agency review consultant, affirmed this conclusion in August of 2022. (T at 113-14).

The ALJ found that Plaintiff had mild impairment with respect to understanding, remembering, or applying information; moderate limitation in social interaction; moderate impairment in her ability to concentrate, persist, and maintain pace; and moderate limitation with respect to adapting and managing herself. (T at 21-22).

The ALJ determined that Plaintiff retained the RFC to meet the mental demands of work involving only simple tasks, with no more than occasional decision-making, and requiring only occasional interaction with the public, co-workers, and supervisors. (T at 22). In reaching this conclusion, the ALJ found the opinions of Dr. Goldstein, Dr. Brown, and Dr. Bhutwala persuasive. (T at 24-25).

Plaintiff (correctly) points out errors in the ALJ's discussion of the medical opinion evidence regarding her mental functioning. For example, the ALJ stated that the State Agency review physicians assessed moderate impairment in Plaintiff's mental functioning. (T at 25). Dr. Brown and Dr.

Bhutwala assessed no more than mild limitation. (T at 94-95, 113-14). The ALJ also stated that Dr. Goldstein found mild impairment with respect to social interaction and as to sustaining an ordinary routine and regular attendance (T at 24-25), when, in fact, Dr. Goldstein assessed moderate limitation as to the domains. (T at 881). The ALJ also neglected to mention that Dr. Goldstein found mild limitation in Plaintiff's ability to understand, remember, and apply directions. (T at 881).

Notwithstanding these errors in the ALJ's discussion, for the following reasons, the Court finds the ALJ's errors harmless. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)(finding remand not appropriate if the ALJ committed harmless error, *i.e.*, where "application of the correct legal principles to the record could lead only to the same conclusion")(alteration omitted)(citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

First, to the extent the ALJ believed the State Agency consultants assessed *more* significant limitations and gave Plaintiff the benefit of more restrictive assessments, this is not a reason to remand. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa*

*v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that “the ALJ's RFC finding need not track any one medical opinion”).

Second, even assuming *arguendo* that the overall record supports a finding of moderate impairment in Plaintiff’s ability to meet the mental demands of basic work activity, the RFC determination, which limits Plaintiff to simple work with only occasional decision-making and social interaction, adequately accounts for that degree of impairment. *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)(“Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.”)(collecting cases).

Third, the ALJ relied on a reasonable reading of the record, which documented symptoms of depression and anxiety, but also consistently described Plaintiff as calm, cooperative, and appropriate. (T at 21-24, 879-80, 1895, 1916-17, 1962-63, 2021-22). *See, e.g., Knief v. Comm'r of Soc.*

*Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

For these reasons the Court finds no reversible error in the ALJ's assessment of Plaintiff's mental functioning. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is DENIED; the Commissioner's request for judgment on the pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: August 29, 2026

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge